See The Marquette [Case No. 9,101].

---

## Case No. 12,858.

### The SILVER SPRING.

[1 Spr. 551;[1] 17 Law Rep. 264.]

District Court, D. Massachusetts. March, 1854.

FORFEITURE — SEIZURE — PLEADING—PLEA OF NO FORFEITURE.

1. A libel in rem, for a forfeiture, must allege that the property has been seized by the collector.

[Cited in The Fideliter, Case No. 4,755.]

1 [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

2. A plea of no forfeiture, puts that allegation in issue, and if it be not proved, the libel is not sustained.

3. Correspondence between the collector, secretary of the treasury, and district attorney, and directions to the latter to file a libel, while the vessel is lying within the collector's district, do not constitute a seizure by the collector.

A libel was filed on the 1st of April, 1854, by the district attorney, on behalf of the United States, to enforce the forfeiture of the Silver Spring, of Harwich, a fishing schooner of 67 tons burden, alleged to have obtained the fishing bounty for the summer of 1853, by fraud and deceit, and to have become forfeited thereby. The claimants pleaded that there was no forfeiture. The proceeding was instituted on the part of the government, under the act of congress passed July 29, 1813 (chapter 35, §§ 5–7). The allegations of the libel stated that the vessel was seized on the 27th of March, 1854, before the filing of the libel, by the collector of the district of Barnstable, on waters of admiralty and maritime jurisdiction in said district. The evidence showed that the vessel, at the time of filing the libel, was lying at a port in the district of Barnstable; that several communications had passed between the collector of that district and the secretary of the treasury relative to proceedings against the Silver Spring; and that the collector, acting under instructions from the treasury department, had written to the district attorney, requesting him to bring an information against the vessel. But that the collector had not taken possession of the vessel, or in any way notified the owners of these proceedings, prior to the arrest of the vessel, by the marshal, under the warrant of the court, issued on the filing of the libel.

T. K. Lothrop, for claimants, contended, that this evidence failed to support the allegation of seizure; that the government were bound to prove a seizure by the collector, because they had alleged one: that the allegation was material, because the place of seizure determined what court should have jurisdiction to enforce the forfeiture; and also, because the statute made it essential to the power of the court to proceed to enforce a forfeiture, that there should be a valid seizure actually existing at the time of filing the libel. Act Cong. Sept. 24, 1789, c. 20, § 9 [1 Stat. 76]; The Ann, 9 Cranch [13 U. S.] 289.

B. F. Hallett, Dist. Atty., for the United States, contended: First, that a seizure was not necessary, and need not, therefore, be alleged. Second, that if it was necessary to allege a seizure, it was a merely formal allegation, and need not be proved. The Bolina [Case No. 1,608]. Third, that the various communications of the United States' officers, already referred to, constituted sufficient seizure. Fourth, that the claimants had waived their right of objection to the

jurisdiction of the court by the plea which they had put in.

THE COURT (SPRAGUE, District Judge.) The point taken by the counsel for the defence is, that there was no seizure of the vessel before the filing of the libel. The objection is founded on the statute 24th September, 1789, and the decision of the supreme court of the United States in The Ann, 9 Cranch [13 U. S.] 289.

The decision, in that case, did not depend upon the construction of the particular statute under which the property then became forfeited, but upon the construction of the act 24th September, 1789 (the "Judiciary Act"), which is equally applicable to the present proceeding. And, therefore, the rule laid down by the supreme court in that case, "that before judicial cognizance can attach upon a forfeiture, in rem, there must be a seizure," must govern the present case. The citation made by the district attorney, of The Bolina [supra], does not support the doctrine contended for, namely, that the allegation of seizure need not be proved. The objection there taken was, that the seizure was made by a verbal and not a written authority; and Judge Story, in his opinion, says that in England, under St. 9 Geo. II. c. 35, the allegation of seizure contained in the information is held sufficient proof thereof. But he nowhere says that a seizure is not necessary at common law, nor that it need not be proved in an information brought under any statute of the United States. The argument, on behalf of the government, that the facts of the case show a sufficient seizure, cannot prevail. The evidence proves various communications between the collector of the port of Barnstable, the secretary of the treasury, and the district attorney; and the argument is, that these communications, and the filing of this libel by the district attorney, in conformity with the instructions of the collector, in connection with the fact that the vessel was, at the time, in the collection district of Barnstable, and that this was known to the collector, constitute a sufficient seizure. But the collector did not take possession of the vessel, nor even give notice of any kind to any party in interest. And no cases give color to the theory, that where the vessel, at the time of filing the libel, is within the district, there need be no seizure. The supreme court of the United States say, that "it is a wise provision of law that requires the vessel to be seized;" that "the seizure gives jurisdiction to the court." And the court, before issuing a warrant to arrest the vessel, will see that the libel alleges a seizure. Some actual taking is necessary to give this court jurisdiction. Here there was no previous taking.

It is further argued, that this objection comes too late, that it was waived by the filing of the plea. But this is a question of

the existence of those facts, which will warrant the court in proceeding to decree a forfeiture. See The Abby [Case No. 14].

In requiring a seizure, by the collector, prior to the filing of the libel on the part of the government, the legislature has made that fact a pre-requisite to a condemnation. And the plea in this case is like the plea of not guilty to an indictment, and puts in issue all the material allegations of the information. And if, upon the trial, it does not appear that there was a seizure previously to the filing of the libel, the information is not sustained, and a forfeiture will not be decreed.

A suggestion was made, on the part of the district attorney, that, if the allegation of seizure was immaterial, he might be permitted to amend his libel by omitting that allegation. But the information would be defective, if this allegation were omitted. Libel dismissed.

See The Washington [Case No. 17,223].